REGAN, Judge.
The plaintiff, Ernest J. PeDotti, filed this suit against the defendant, Allstate Insurance Company, endeavoring to recover as damages the sum of $324.19 which he asserts were incurred as a result of negligence of the defendant’s insured in connection with a collision which occurred between their respective vehicles in the intersection of Humanity and Mandeville Streets in the City of New Orleans.
The defendant answered and denied the existence of any negligence on the part of its insured and alternatively asserted that the accident was caused by the contributory negligence of the plaintiff.
After a trial on the merits, the lower court rendered judgment in favor of the plaintiff in the sum of $265.00, which amount of damages had previously been agreed upon by respective counsel for the litigants. From that judgment, the defendant has prosecuted this appeal.
The record reveals that the plaintiff was operating his automobile in Humanity Street in an easterly direction, or moving from uptown towards downtown, while the defendant’s insured was driving his vehicle in Mandeville Street in a northerly direction, or toward Lake Pontchartrain. Hence, the defendant’s car was approaching the plaintiff’s vehicle from the latter’s right.
The streets referred to are approximately 25 feet wide, and the intersection is uncontrolled by either a traffic signal light or stop sign.
The impact occurred in the center of the intersection, and the front portion of the vehicle driven by defendant’s insured struck the right side of the plaintiff’s automobile at approximately the center thereof. Both vehicles skidded slightly before impact, and the defendant’s vehicle imprinted the longer skid marks upon the roadway of the intersection.
*680 We have rationalized heretofore that when a suit is predicated upon an allegation of negligence and the defense thereto is a denial of negligence and an alternative plea of contributory negligence, it is often expedient to initially consider the plea of contributory negligence, for if the facts disclose the existence of contributory negligence without which the accident would not have occurred, it is then unnecessary to determine whether there was primary negligence in the defendant.
The plaintiff testified that he drove in Humanity Street twice each day and was, therefore, familiar with the potential danger of this intersection. Prior to the occurrence of the accident, he could not recall whether or not he had actually looked to his left or right as he approached the intersection, but insisted that he usually does look. He explained that although cars were parked at the curb in both streets, they offered no obstruction to his vision. However, he stated that he first saw the defendant’s vehicle when he was 10 feet removed from the intersection and the other car was 15 to 25 feet therefrom. He was unable to estimate the speed of the other vehicle, but asserted that when he noticed it, he swerved to his left and applied his brakes in an endeavor to avoid the collision.
The plaintiff’s testimony is substantially corroborated by that of the defendant’s insured, who testified that when he initially observed the plaintiff’s vehicle it was between 10 and 15 feet from the intersection and appeared to be traveling between 15 and 20 miles an hour. The defendant’s insured estimated his own speed to be between 15 and 25 miles per hour.
The foregoing illucidation reveals that the plaintiff, while enjoying an unobstructed view of the intersecting street, failed to notice the defendant’s automobile as it approached the intersection. When he finally observed the other vehicle, it was then too late for him to stop or to otherwise avoid the impending collision. It is elementary to reiterate that one operating a motor vehicle upon the roadways of this city is charged with seeing that which he could and should have seen.
 In determining what is negligent conduct, we have remarked on several occasions that there is no fixed rule; the facts and environmental characteristics of each case must be considered and treated individually in conformity with the true civil law concept. Judicially we are tending more and more toward an appreciation of the truth that, in the last analysis, there are few absolute rules of negligence; there are principally standards and degrees of negligence for the reason that no one is so gifted with foresight that he or she could anticipate every possible legal cause for personal injury and property damage and prescribe the proper rule for each.
In conformity with the individual facts developed herein, it is quite obvious that the accident could have been avoided by the exercise of the slightest degree of caution by the plaintiff. His fault in neglecting to observe the approach of the defendant’s vehicle is materially and directly related to the cause of this intersectional collision, and hence the plaintiff’s recovery is thereby precluded.
For the foregoing reasons, the judgment of the lower court is reversed, and judgment is hereby rendered in favor of the defendant dismissing the plaintiff’s suit.
All costs incurred herein are to be paid ■ by the plaintiff.
Reversed and rendered.