FRUGÉ, Judge.
The plaintiff filed suit in the district court to recover for injuries he sustained when his vehicle was involved in a headon collision with another automobile driven by the defendant’s insured. The lower court rendered judgment in favor of the plaintiff, and the defendant has appealed.
The accident occurred in St. Landry Parish, Louisiana, on a two-lane graveled parish road which runs generally north and south. It was daylight and road conditions were dry, so that each vehicle traveling the road created a large cloud of dust. Plaintiff, Olide Brown, was proceeding in a northerly direction on the gravel road at approximately twenty-five miles per hour. As he met and passed an oncoming vehicle, a Falcon, not involved in this litigation, he was struck headon by an automobile which was traveling on the wrong side of the road and in the dust cloudy behind the Falcon. The defendant’s insured, Mr. John Belanger, was operating that vehicle at the time of the collision. The record reveals that Mr. Belanger had been following the Falcon for some two-tenths of a mile and at such distance as to be totally concealed by the dust cloud created by the lead car. The record further establishes that Mr. Belanger’s vehicle was traveling in the center of the road, thus partially occupying the plaintiff’s lane of travel. The two vehicles met headon in the northbound lane, the left front fender of the Belanger automobile meeting the left front fender of the plaintiff’s vehicle.
The plaintiff testified that before passing the oncoming Falcon he was traveling at a speed of approximately twenty-five miles per hour and that upon entering the cloud of dust created by the Falcon he reduced his speed to ten to fifteen miles per hour (Tr. 110). He stated that he saw the Belanger vehicle only a short distance away and applied his brakes but was unable to avoid a collision.
In arguing this case, counsel for the defendant concedes that the defendant’s insured was negligent in following along in the dust cloud created by the Falcon and in driving on the wrong side of the road. He contends, however, that the plaintiff was contributorily negligent in failing to stop when he entered the cloud of dust created by the passing Falcon. Counsel argues that it is the unvarying rule of this state that when visibility ahead is not possible or is greatly obscured, a motorist must stop his car and remain at a standstill until conditions warrant going forward, citing Lewis v. Quebedeaux, 134 So.2d 93 (La.App.3d Cir. 1961); Demerest v. Travelers Insurance Co., 234 La. 1048, 102 So.2d 451 (1958); Vowell v. Manufacturers Casualty Ins. Co., 229 La. 798, 86 So.2d 909 (1956).
It is settled that a motorist does not have the right to assume that his course of travel is free of danger or obstruction, in the absence of his ability to see clearly ahead. If he does so assume and continues to travel as though he knew there was perfect clearance ahead, he does so at his own risk and peril. When visibility is greatly impaired because of smoke, mist, dust, etc., a motorist should reduce his rate of speed to such an extent and keep his car under such control as to reduce to a minimum the possibility of accident from collision; and as an extreme measure of safety, it is his duty when visibility ahead is not possible, to stop his car and remain at a standstill until conditions warrant going forward. Culpepper v. Leonard Truck Lines, 208 La. 1084, 24 So.2d 148 (1945); Demerest v. Travelers Ins. Co., 234 La. 1048, 102 So.2d 451 (1958).
*553 It also is well established that contributory negligence is negligence which contributes to the accident, that is, negligence having a causal connection with it. In order for contributory negligence to serve as a bar to recovery by plaintiff, it must be shown to have been a substantial cause in fact of the accident. Theunissen v. Guidry, 244 La. 631, 153 So.2d 869 (1963); Frisard v. Oalmann, 175 So.2d 407 (La.App. 4th Cir. 1965); D & D Planting Co. v. Employers Casualty Company, 240 La. 684, 124 So.2d 908 (1960). Contributory negligence, of course, is a special defense and the defendant carries the burden of establishing it by a preponderance of the evidence.
In the instant suit the evidence shows that plaintiff materially reduced the speed of his automobile when he encountered the dust cloud, and we are inclined to think that he exercised the degree of care required of him under the circumstances. If we assume, however, that he was negligent in failing to bring his car to a stop when his visibility became impaired by dust, it is apparent that his negligence in failing to do so was not a contributing cause of the accident because the collision probably would have occurred even if he had stopped in his own lane of traffic. We conclude, therefore, that the defendant has failed to sustain its burden of proving contributory negligence on the part of plaintiff, since any negligence which is chargeable to him was not a substantial cause of the accident, and it is our view that our brother below was correct in so deciding.
QUANTUM
The accident in which the plaintiff was injured occurred on June 20, 1965, at approximately 3:30 P.M. Plaintiff was hospitalized the next day under the care of Dr. R. E. Dupre and remained in the hospital until June 26. Dr. Dupre found that the plaintiff was suffering from lacerations of the upper lip, contusions and abrasions of the right knee, and a lumbo-sacral strain. Some few days after his discharge from the hospital, the plaintiff was readmitted on June 29, 1965, for additional heat and ultrasound treatments and was placed in pelvic traction in order to alleviate the lumbosacral symptoms. He was again discharged from the hospital on July 2, 1965, and was given out-patient treatment by Dr. Dupre in eight subsequent visits. The plaintiff was examined by Dr. Luke Bordelon, an orthopedic surgeon, on June 28, 1965. Dr. Bordelon’s testimony confirms the diagnosis of a lumbosacral strain with muscle spasm in the right paravertebral musculature. In a subsequent examination by Dr. Bordelon on November 23, 1965, some five months after the accident, Dr. Bordelon found that the plaintiff was still suffering at that time from residual pain in the lumbosacral area (Tr. 66). Dr. Bordelon was of the opinion that the plaintiff would continue to experience mild residual pain for an additional five months.
The trial judge granted the plaintiff an award of $821.60 in special damages and neither party contests the propriety of this award. However, the plaintiff, by answer to the appeal, and the defendant urge that this court modify the lower court’s award of $1,800.00 general damages to the plaintiff We are of the opinion, however, that an award of $1,800.00 is well within the wide area of discretion granted the trial judge in the assessment of damages and consequently we will not disturb on appeal the award granted by the lower court.
. Finally, counsel for plaintiff asks that this court award damages for frivolous appeal against the defendant. We do not view the facts of this case as falling within the exceptional circumstances necessary to justify the award of such damages. See Parker v. Interstate Life & Accident Ins. Co., 248 La. 449, 179 So.2d 634 (1965). *554 Accordingly, the plaintiffs demands in this regard are rejected.
For the foregoing reasons the judgment of the district court is hereby affirmed, all costs to be borne by the defendant-appellant.
Affirmed.