CULPEPPER, Judge.
This is a suit for damages arising out of an automobile collision. Plaintiffs are Mrs. Whittington D. Beaugh, driver of one of the vehicles, and her husband. Defendants are Irving Broussard, father of Ronald Broussard, the 19 year old driver of the other vehicle, and his liability insurer, Lumbermen’s Mutual Liability Insurance Company. The defendants denied negligence, pleaded plaintiff’s contributory negligence, and Mr. Broussard filed a reconventional demand for damages. After a trial on the merits, the district judge found defendant’s son negligent and Mrs. Beaugh contribu-torily negligent, and dismissed both the principal and the reconventional demands. Plaintiff appealed and defendant answered the appeal.
We see no need to review the evidence. The trial judge has done this in a well considered written opinion. The facts are clear that the two vehicles were approaching each other on a gravel road and collided, left front fender to left front fender, in a thick cloud of dust, caused by a vehicle which the defendant’s automobile was following. Defendant’s son was negli *387 gent for continuing to drive 45 miles per hour in the dust through which he could see only 3 or 4 feet ahead. Plaintiff was also negligent for driving into this cloud of dust and proceeding through it at a speed of 30 miles per hour, when she admittedly could see only 3 or 4 feet ahead. Our jurisprudence is established that a motorist does not have the right to deliberately drive through dust, smoke, fog, etc., which makes visibility ahead completely impossible or greatly obscured.[1]
Each driver also contends that he was on the proper, and the other on the improper, side of the road. Since both drivers were negligent in driving through the dust cloud, the issue of whether one was on his proper side of the road could be relevant only to show that the negligence of one was not a substantial cause in fact of the accident.[2]
The facts show that this gravel road was barely wide enough for two vehicles to pass each other. There were two main tracks in the center of the highway where vehicles customarily traveled.
Both motorists testified they had their left wheels in one of these tracks and their right wheels near the side of the road. The state trooper who investigated the accident was unable to locate the point of impact and hence could not say whether one or both vehicles were on the wrong side of the road. After the impact, each vehicle went into the ditch on its right side of the highway. There were no other witnesses and no evidence from which this factual issue can be resolved. The district • judge stated in his written opinion that he could not find either vehicle was proved to be in its proper or improper lane of traffic. With this conclusion we agree.
It is true the accident would not have occurred if each had remained on his proper side of the highway. But, since the evidence does not show which, if either, of the two was in his proper lane of traffic, the result is a conclusion that the combined negligence of both caused the accident. Hence, both the principal demand and defendant’s reconventional demand must be denied.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.

. Demerest v. Travelers Insurance Company, 234 La. 1048, 102 So.2d 451 (1958) and cases cited therein; Brown v. New York Fire & Marine Underwriters, Inc., 198 So.2d 550 (La.App., 3rd Cir. 1967) ; Lewis v. Quebedeaux, 134 So.2d 93 (La. App., 3rd Cir. 1961); Ardoin v. Southern Farm Bureau Casualty Insurance Company, 133 So.2d 129 (La.App., 3rd Cir. 1961).

. See Brown v. New York Fire & Marine Underwriters, Inc., supra, and McLelland v. Harper, 38 So.2d 425 (2nd Cir. 1948) for similar cases. See Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962) for the law on substantial cause in fact.