SAVOY, Judge.
Plaintiff, Daniel Lee Arnold, instituted this suit to recover hospital and medical expenses incurred by him and also to recover damages on behalf of his six and one-half year old daughter, Nancy Lynn Arnold, when she was struck by an automobile owned by Mrs. Ethel Lofton, driven by her husband, Mr. Lonnie Lofton, and insured by the defendant, Traders and General Insurance Company.
The accident occurred in the west lane of U.S. Highway 171, near Lee’s Grocery Store in Sabine Parish, Louisiana, about 1:00 P.M. on September 10, 1966. At the point of collision the highway runs ■ north and south and was straight for about 3/20ths of a mile north of the accident. The road was asphalt approximately 24 feet wide and contained dirt and gravel shoulders about 15 feet wide on both sides. At the time of the accident the highway was wet, and it had been raining heavily. The *426 vehicle being operated by Mr. Lofton contained six people and was being driven in a southerly direction when Nancy Lynn Arnold, running across the highway on her return home from Lee’s Grocery, was struck by the right front headlight and fender of the automobile, knocking her to the shoulder of the road.
Mr. Arnold contended that the Lofton vehicle was being operated negligently and at an excessive rate of speed under the prevailing weather conditions, and that the sole cause of the accident was the failure of Mr. Lofton to stop the vehicle in enough time to avoid hitting the child. On the other hand, the defendant, Traders and General Insurance Company, contended that Mr. Lofton was operating the vehicle in a prudent manner and could not have avoided the accident.
After a trial on the merits, judgment was rendered in favor of the plaintiff in the sum of $5,000.00, of which $1,525.35 was awarded to Mr. Arnold individually for hospital and medical expenses incurred, and $3,474.65 was awarded to Mr. Arnold as the natural tutor of his minor daughter for her injuries resulting from the accident.
Defendant, Traders and General Insurance Company, has appealed from the ruling of the trial court, contending that the trial court erred: (1) in holding Mr. Lofton guilty of negligence; (2) in failing to hold the accident unavoidable; (3) in failing to hold Daniel Lee Arnold guilty of contributory negligence; and (4) in allowing Nancy the sum of $3,474.65 for her injuries. Plaintiff answered the appeal contending the amount awarded to Nancy should be increased to $5,000.00.
The pertinent facts as revealed by the record show that Nancy Arnold had been to Lee’s Grocery and was returning home when she reached a point in the west lane of U.S. Highway 171 about 80 feet from the store where she was struck by the right headlight and fender of the Lofton vehicle, and fell onto the shoulder of the road.
Mr. Lofton testified that he had intended to stop on the east side of the highway before the accident occurred. When he saw the child moving across the road at a distance of 5 to 10 feet, he did not realize it was a child until he struck her and his attempt to miss the child by swerving to the left while applying the brakes was of no avail. He testified he was traveling about fifteen to twenty miles per hour at the time of the accident, and it was raining so hard he could not see more than ten feet ahead. The testimony of Mrs. Lofton and Chester Lofton was substantially to the same effect.
Mr. James Lee, the owner of the grocery store testified that after Nancy left his store he turned to return to his living room when he heard the impact of the car with the child. He looked through the window and saw the child lying on the west shoulder of the road about 80 feet away. He stated that he heard Mr. Lofton say he was proceeding at the rate of 30 to 35 miles per hour at the time of the accident.
State Patrolman Jerry Rains investigated the accident, arriving on the scene about thirty minutes after its occurrence. He testified that Lofton told him he was traveling approximately thirty miles per hour when he saw an object which he hit as he could not see because of the rain. Rains said there were no visible obstructions which would have prevented Lofton from seeing the child as she ran from the store to the west lane of the highway.
We are in accord with the judgment reached by the trial judge below. Although there is some conflict in the record as to the extent of the rain as of the time of the accident, and as to the speed of the automobile, we feel that the driver of the vehicle was operating it negligently, and that this negligence was the cause in fact of the accident. Mr. Lofton admitted that he could only see five to ten feet ahead of the vehicle, and yet he proceeded for one-fourth of a mile driving at a rate of speed (whether it be 20 miles per hour or 35 miles per hour) at which he could not possibly stop in time to *427 avoid any sudden emergencies which might arise.
In a recent case cited by the trial judge in his written reasons for judgment, this Court, in Hernandez v. State Farm Mutual Automobile Ins. Co., (La.App., 3 Cir., 1966), 192 So.2d 679, writs refused, stated that:
“The jurisprudence of this state is firmly established to the effect that when visibility is materially impaired because of smoke, mist, dust, fog or other atmospheric conditions, a motorist is held to a duty of operating his vehicle with an unusually high degree of care. He should reduce his rate of speed to such an extent, and keep his car under such control as to reduce to a minimum the possibility of accident from collision. And, as an extreme measure of safety, it is his duty when visibility ahead is not possible or is greatly obscured, to stop his car and remain at a standstill until conditions warrant going forward. He does not have the right to assume that his course of travel is free from danger or obstruction in the absence of his ability to see clearly ahead, and if he continues to travel as if he knew there was perfect clearance ahead, he does so at his own risk and peril. Culpepper v. Leonard Truck Lines, Inc., 208 La. 1084, 24 So.2d 148; Demerest v. Travelers Insurance Co., 234 La. 1048, 102 So.2d 451; Ardoin v. Southern Farm Bureau Casualty Ins. Co., 133 So. 2d 129 (La.App.3d Cir.1961); and Moses v. Mosley, 146 So.2d 263 (La.App.3d Cir.1962).”
If the rain was so heavy that Lofton could only see five to ten feet ahead of the vehicle, he was negligent in operating the vehicle at a rate of speed at which he could not stop in time to avoid the accident. If the rain was not so heavy as to prevent complete visibility, then Lofton was negligent in failing to keep a proper lookout and in failing to observe the child as she left the store and proceeded onto the highway and into the vehicle’s path. Although we are aware of the jurisprudence to the effect that a motorist is not an insurer of the safety of children who suddenly dart or run into his path, that is not the case with which we are here confronted.
The trial judge very aptly disposea of the question of contributory negligence on the part of Mr. Arnold, and we quote from his opinion:
“Defendant strongly urges that plaintiff, Mr. David Lee Arnold, was guilty of contributory negligence in not preventing his six and one-half year old daughter to leave home and cross U. S. Highway 171 unattended. Counsel for defendant contends that the fact that Nancy went to Lee’s Grocery against his specific instructions does not relieve him of his duty to afford her the proper care, attention and supervision. He also points out that Mr. Arnold had on previous occasions permitted Nancy to go to the same store unattended. Mr. Arnold did testify that he had told Nancy that she could not go to the store until after lunch. His testimony that she went to the store without his permission is not contradicted. The burden is on the defendant to prove contributory negligence. In my opinion the defendant has not discharged this burden. Furthermore, the father was at home a quarter of a mile away at the time Mr. Lofton injured the child and under the circumstances, I cannot see how he was in any way at fault or guilty of contributory negligence.”
Turning to the issue of quantum, we find the evidence shows that Nancy suffered lacerations of the occipital area of the skull, abrasions of the left forehead, a fracture of the right femur and tenderness of the abdomen. A hole was drilled through the tibia of her right leg an inch above the ankle for insertion of a stainless steel pin. She suffered bleeding of the kidneys and was hospitalized in traction for four weeks at which time she was placed in a body spica cast which was worn for six weeks. Nancy has recovered from her injuries with a probable 15 to 20 per cent permanent *428 partial disability of her left leg due to the angulation and shortening of her leg. At the present time she walks with a limp. Surely, we cannot say the amount awarded in this case was excessive under the facts herein presented. On the other hand, we cannot increase the award to $5,000.00 as counsel for plaintiff asked in answer to the appeal. The insurance policy sued upon herein provided a total amount of $5,000.00 to be paid in case of accident, and this total amount has been awarded.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.