REID, Judge.
This is a suit for personal injury and medical expenses brought by the plaintiff Evon Crain against W. R. Core Construction Company, Inc., and its insurer The Travelers Insurance Company as a result of an accident which happened in Washington Parish between a 1957 Ford sedan automobile owned and operated by plaintiff Evon Crain and a 1962 International truck belonging to the defendant, W. R. Core Construction Company, Inc., and operated at the time by a driver, Thomas Brown. The accident happened at about 9:30 A.M. on or about May 3, 1965 on Louisiana State Route No. 436, commonly known as the Pine-Varnado Highway. The defendant’s International truck was proceeding from Pine toward Varnado along a certain portion of the highway which was being prepared to be blacktopped. The facts show conclusively that the road had been graded to a ridge in the middle of dirt and gravel, and that there was considerable dust which obscured the vision of anyone approaching from the rear. The plaintiff, driving his car, was approaching from the west going from Pine to Varnado also and collided with the truck, both cars being headed in the same direction.
Plaintiff contends that defendant truck made an unannounced turn to the left and caused the collision. Defendants claim that the truck was run into from the rear by plaintiff’s car whose vision wa$ obscured by the dust kicked up by the truck as it proceeded along the highway ahead of the automobile.
The Judge with written reasons decided that the defendant was not at fault and that plaintiff was negligent in that he was following the truck too close, knew that it was there, and knew that this construction was going on, as he had traveled this highway many times and that he was unable to control his car in a sudden emergency when the driver of the International truck stopped to talk to a fellow employee. He held that Crain was guilty of contributory negligence and rendered and signed a judgment rejecting plaintiff’s demand and dismissing this suit at his costs.
Plaintiff has appealed to this Court from this judgment and assigned some four *671 specifications of error, namely (1) in failing to hold that the negligence of defendant employee Thomas Brown was the sole proximate cause of the accident; (2) in failing to hold that Evon Crain was not contributorily negligent; (3) in failing to hold that the testimony did not reveal that the plaintiff was following too closely to the rear of the truck owned by defendant; (4) that the plaintiff was entitled to an award of $30,000.00 for pain and suffering plus special damages of $1488.36 for injuries received as a result of the gross negligence of the defendant.
There is no question but what the highway was under construction and had appropriate signs at each end of the highway where you entered it from Pine and where you exited it at Varnado, warning “Road Under Construction.”
It is testified by both the plaintiff and defendant, together with the highway project engineer that the road was very dusty as it had been graded up to the center to a ridge from six to eight inches high. Plaintiff also testified that he was familiar with the road, knew that the construction was going on and he is certainly chargeable with knowledge that with the dust ahead of him some sort of vehicle was on the road causing the same. The day was a dry day and there was nothing to obscure plaintiff’s vision of the highway except the cloud of dust between him and the International truck.
In this connection we cite LRS-32:237 which reads in part as follows:
“A. No one shall in any way tamper with, move, damage, or destroy any barricade, signs or signals placed upon any highway by the department or by any contractor or subcontractor doing highway construction or repair work under or by authority of the department, nor shall any person disobey the instructions, signals, warnings, or marking of any warning signs, signals, or barricades so placed upon any highway under construction or being repaired, unless at the time otherwise directed by a police officer.
B. Persons violating this Section shall be prima facie at fault and responsible for any damage to persons or property resulting from the said violation. * * *»
Plaintiff testified that he saw the cloud of dust ahead of him but desiring to pass it, he pulled over into the left hand lane, his vision was clear in that lane and just as he was attempting to pass the truck it made a sudden unexpected turn to the left. The driver of the truck, Brown, was stopping his truck, or had stopped it, in order to hold a conversation with another driver of a truck owned by defendant parked on the left hand, or north side, of the highway facing in the opposite direction.
In this connection we will state that the Trial Judge evidently believed the testimony of Brown by finding that the plaintiff was negligent. We quote from the Judge’s remarks dictated into the record at the end of the transcript as follows:
“It was being improved and prepared for blacktop at the time the accident happened at the West end of a three mile long construction project or where the gravel had been placed in the middle of the road, gravel, sand, dirt and what have you for the purpose of improving the road, preparing it for the blacktop. It had been rolled to the center and the center was some 6 to 8 inches high and this rise in places runs from 6 to 8 feet in width along the center of the road. It was a dry, dusty morning and from the testimony of practically every witness that was on the scene there was plenty of dust.
I am satisfied that those project barricades some 12 feet in size were in the road at the opening there at Pine and also in the opening at the intersection of 436 and 21 and the signs of road construction, closed to through traffic, men working, etc. This project was begun in *672 December of ’63 and was ended in October of 1965. Mr. Crain, the plaintiff, was familiar with the road and used it several times a week at times and then maybe not so often in others, but he was fully aware of the construction project on the road. He testified to that himself. Assuming- that the defendants or the agents and employees were negligent, I am fully satisfied that Mr. Crain was negligent himself too. I don’t believe that these projects — -I know the State don’t have to do it if they put the sign up at the other because I just had a letter from the First Circuit Court of Appeal telling me they didn’t. That is the case of Pelloat versus the Greater New Orleans Expressway and the State Highway Department.
Mr. Crain was following that truck too close, he knew it was there and he knew this construction was going on, he knew that men were working there and he more or less traveled it at his own risk and he was just too close to that truck and was unable to control his own vehicle in a sudden emergency with the driver of the International stopping to talk to the man to tell him something and then he planned to go on and about the time he stopped, Mr. Crain hit him and I think you have contributory negligence there and would be unnecessary for me to go into his injuries. * * * ”
With this finding of the Trial Judge we find no manifest error and are in accord therewith.
The case of Slocum v. American Casualty Insurance Co., La.App., 189 So.2d 299 holds as follows:
“See also LSA-R.S. 32:81, subd. A, which provides:
“ ‘The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.’
(3) Furthermore, when a motorist’s visibility is impaired by adverse weather or átmospheric conditions, the motorist is held to an unusually high degree of care. See Larocca v. Aetna Casualty Insurance Company, La.App. 1 Cir., 181 So.2d 482; Lewis v. Quebedeaux, La.App. 3 Cir., 134 So.2d 93; Goutierrez v. Travelers Insurance Company, La.App. 1 Cir., 107 So.2d 847; and McDaniel v. Capitol Transport Company, La.App. 1 Cir., 35 So.2d 38. See also Anno: Automobiles — Atmospheric Conditions, 42 A.L.R.2d 13.
(4) After considering the above facts and law, we conclude that Burson was negligent in following too closely under the prevailing circumstances and that Slocum was free from contributory negligence. * * * ”
Our Brothers of the Third Circuit in the case of Hernandez v. State Farm Mutual Automobile Insurance Company, La.App., 192 So.2d 679; held as follows:
“(4-7) The jurisprudence of this state is firmly established to the effect that when visibility is materially impaired because of smoke, mist, dust, fog or other atmospheric conditions, a motorist is held to a duty of operating his vehicle with an unusually high degree of care. He should reduce his rate of speed to such an extent, and keep his car under such control as to reduce to a minimum the possibility of accident from collision. And, as an extreme measure of safety, it is his duty when visibility ahead is not possible or is greatly obscured, to stop his car and remain at a standstill until conditions warrant going forward. He does not have the right to assume that his course of travel is free from danger or obstruction in the absence of his ability to see clearly ahead, and if he continues to travel as if he knew there was perfect clearance ahead, he does so at his own risk and peril. Culpepper v. Leonard Truck Lines, Inc., 208 La. 1084, 24 So.2d 148; Demerest v. Travelers Insurance Co., 234 La. 1048, *673 102 So.2d 451; Ardoin v. Southern Farm Bureau Casualty Ins. Co., 133 So.2d 129 (La.App. 3d Cir. 1961); and Moses v. Mosley, 146 So.2d 263 (La.App. 3d Cir. 1962).”
The defendants’ driver testified that he was partially on the left side of the road in the process of turning, but that there was sufficient room for a car to pass him on the left. However, we are satisfied from the evidence that plaintiff’s view of this truck, if it was so positioned, it was obscured by the dust, and he should have kept his car under control and proceeded with great care until he could ascertain what was ahead of him within the range of his vision.
Therefore, for the above and foregoing reasons the judgment of the Lower Court is hereby affirmed at appellant’s costs.
Affirmed.