REGAN, Judge.
The plaintiffs, Gilbert Tauzier, d/b/a Any Kind of Service Company, and Reginald A. Bergeron, his employee, filed this suit against the defendant, Travelers Insurance Company, the liability insuror of Southern Scrap Material Company, endeavoring to recover the cost of repairing a panel truck owned by Tauzier and $38,-130.00 for personal injuries incurred by Bergeron as the result of an intersectional collision allegedly caused by the negligence of Henry A. Levy, the operator of the Southern Scrap Material Company’s truck in that he backed his vehicle into the path of oncoming traffic.
The defendant answered and denied the foregoing accusation of negligence and additionally pleaded that the proximate cause of the accident was the negligence of Bergeron in failing to see that which was clearly visible and apparent. In the alternative, the defendant pleaded the contributory negligence of Bergeron.
Judgment was rendered in favor of the plaintiffs and against the defendant, Travelers Insurance Company, awarding Gilbert Tauzier d/b/a Any Kind of Service Company the sum of $300.00 and Bergeron $1,950.00.
From that judgment, the defendant has prosecuted this appeal.
The record discloses that on or about October 12, 1965, at about 6:05 o’clock P.M., Henry A. Levy was driving his employer’s truck in an easterly direction in North Robertson Street, and at its intersection with Franklin Avenue, he crossed the river bound traffic lanes and brought his vehicle to a stop in the neutral ground in obedience to an unfavorable traffic light. Because of the length of his truck, the rear thereof protruded into Franklin Avenue about four feet. Levy testified that while so parked, he heard a bump, and when he turned around, he observed .that the truck of the plaintiff had collided with the left rear section of his vehicle.
Bergeron related that as he drove in a southerly direction in Franklin Avenue towards its intersection with North Robertson he observed two automobiles moving in front of him which passed the defendant’s parked truck, after which, the truck backed into his path in Franklin Avenue, and although he applied his brakes, he was, unable to avoid colliding with the left rear side of the trailer.
Ralph Gremillion, an impartial witness, asserted that he was driving in Franklin Avenue in a southerly direction when he noticed the defendant’s truck stopped in obedience to the traffic light in the intersection. He related that he saw the plaintiff’s truck run into the left rear section of the plaintiff’s vehicle while it was stopped and awaiting a favorable traffic signal. He explained that the defendant’s truck was clearly visible despite the fact that it was dusk and that some fog existed and a drizzling rain was falling. He was emphatic in asserting that the defendant’s truck never backed into the path of oncoming traffic moving in Franklin Avenue.
*756 In his reasons for judgment, the trial judge believed the testimony of Levy and Gremillion, and concluded that the defendant’s truck had stopped, and it was not subsequently backed into Franklin Avenue as contended by the plaintiff, but that it was protruding into the southbound lane of Franklin Avenue about four feet. He found negligence in Levy’s stopping and awaiting for the traffic signal light to change in the neutral ground and in permitting his truck to protrude into Franklin Avenue, particularly at a time when visibility was impeded by the condition of the weather. He expressed the opinion that a motorist proceeding in Franklin Avenue should have the right to consider the street clear and there should be no reason to expect a truck to protrude four feet into his path.
The question which this appeal has posed for our consideration is whether the foregoing conclusion of the trial court is erroneous as a matter of law.
To reiterate only for the purpose of emphasis, the trial judge found as a fact that the truck driven by the defendant was stopped and it did not back into Franklin Avenue and that the plaintiff ran into the left rear section of the protruding vehicle. Our evaluation of the record convinces us that the evidence adduced therein preponderates to this effect; however, we cannot agree with the trial judge’s legal conclusion that there was fault on the part of Levy in stopping in the neutral ground area in obedience to a traffic signal light, despite the fact that his truck protruded four feet into the southbound lane of Franklin Avenue.
The jurisprudence is clear to the effect that it is not negligent to enter an intersection, notwithstanding that the neutral ground is not sufficiently wide to permit the crossing motorist to stop without a portion of his vehicle extending into the lane already traversed.[1]
 Our analysis of the evidence convinces us that the sole and proximate cause of the accident was the negligence of Bergeron in failing to see that which he should have seen.[2] In fact, by Bergeron’s own admission, he did observe the tractor-trailer truck when it was fifty feet away, and stated that he could have readily seen the vehicle sooner, but that he was not paying attention.
Our appellate courts have consistently reasoned that a motorist does not have the right to assume that his course of travel is free of danger or obstruction in the absence of an ability to see clearly ahead, and if he makes such an assumption and continues to travel as though he knew there was perfect clearance, he does so at his own risk and peril.[3] In view of the fact that weather conditions lessened visibility, a greater degree of care in the operation of his vehicle was imposed upon the plaintiff.[4]
For the foregoing reasons, the judgment of the lower court is now reversed.
The plaintiffs are to pay all costs incurred herein.
Reversed.

. Smith v. Glass, 202 So.2d 367 (La.App.1967) ; Allen v. Baucum, 218 So.2d 662 (La.App.1969); Portera v. Nicolini, 140 So.2d 752 (La.App.1962) ; Garrett v. Toye Bros. Yellow Cab Co., 58 So.2d 418 (La.App.1952).

. PeDotti v. Allstate Insurance, 191 So.2d 678 (La.App.1966) ; Jacobs v. State Farm Mutual Automobile Insurance Company, 191 So.2d 908 (La.App.1966).

. Brown v. New York Fire & Marine Underwriters, Inc., 198 So.2d 550 (La.App.1967).

. Slocum v. American Casualty Insurance Company, 189 So.2d 299 (La.App.1966) ; Hernandez v. State Farm Mutual Automobile Insurance Company, 192 So.2d 679 (La.App.1966).