LANDRY, Judge.
These consolidated actions arise from an automobile accident which occurred in Ter-rebonne Parish on Louisiana Highway 56, a paved two lane highway, at approximately 5:30 A.M., on the dark and very foggy morning of March 24, 1972. The collision involved a 1961 Cadillac owned by Percy LeCompte and being driven by his wife, Laurella LeCompte and a 1965 Pontiac owned and being driven by Horace Chau-vin. Mrs. LeCompte was traveling northerly, Mr. Chauvin was proceeding southerly. The vehicles collided, virtually head on, in the southbound lane of travel as Mrs. Le-Compte was attempting a left turn into the driveway of her sister, Mrs. Clarence Picou, who lived on the west side of the highway. The LeCompte vehicle was insured by Firemen’s Insurance Company of Newark, New Jersey (Firemen’s); Chauvin’s automobile was insured by Fidelity & Casualty Company of New York (Fidelity). Mr. Chauvin was alone. Mrs. LeCompte had as her guest passengers, her sister Mrs. Roseline Duplantis Lapeyrouse and Mrs. Lapey-rouse’s son, Keith Pellegrin, a minor at the time of the accident.
Mrs. Lapeyrouse sued Chauvin; Fidelity, whose policy limits on Chauvin’s vehicle are $5,000 - $10,000 - $5,000; Percy LeCompte; and, Firemen’s whose coverage on the Le-Compte car is $50,000 - $100,000; for personal injuries and medical expenses both for herself and on behalf of her minor son, Keith Pellegrin. Mrs. Lapeyrouse was joined in her action by her husband, Levis Lapeyrouse, to whom Mrs. Lapeyrouse was married after the accident but before suit was filed. Mr. Lapeyrouse claimed damages for future medical expense anticipated in treatment of his wife’s injuries. Chauvin sued Mr. and Mrs. LeCompte and Firemen’s for personal injuries and property losses. Mr. and Mrs. LeCompte filed suit against Chauvin and Fidelity for serious personal injuries sustained by Mrs. LeCompte and medical expense incident thereto in the stipulated amount of over $5,000.
During trial, it was stipulated by counsel for all parties that all claims against Chau-vin individually were reduced to the limits of Fidelity’s coverage, and that no personal judgment would be rendered against Chau-vin, in excess of his insurance policy limits.
After consolidated trial below, judgment was rendered: (1) In favor of Mrs. Lapey-rouse in the sum of $15,500.00 against Chauvin, Fidelity, Percy LeCompte and Firemen’s, in solido; (2) In favor of Levis Lapeyrouse against these same defendants in the sum of $2,335.02, less a credit of $679.43 due Fidelity for special damages paid Mrs. Lapeyrouse, which decree was amended to award said special damages to Mrs. Lapeyrouse; (3) Rejecting Mr. Lapey-rouse’s claim for future medical expense and also rejecting Mrs. Lapeyrouse’s claim for alleged business losses and nursing expenses assertedly owed Mrs. Lapeyrouse’s daughter and other individuals; (4) Reject *1119 ing the claims of Chauvin and the Le-Comptes against each other and their respective insurers on the ground that Chau-vin and Mrs. LeCompte were joint tort fea-sors; and, (5) Continuing the claim of Keith Pellegrin who had attained the age of majority since the accident but who could not be substituted as a party litigant in his own name because he left home prior to trial and his whereabouts could not be determined. Judgment against Fidelity was restricted to $5,000 in conformity with its policy coverage.
Chauvin and Fidelity have not appealed the judgment against them in favor of Mrs. Lapeyrouse. Neither has Chauvin appealed dismissal of his claim against the Le-Comptes and Firemen’s. Mrs. Lapeyrouse has appealed, seeking: (1) Increase of her award for personal injuries; (2) Recovery of loss of business profits and expense incurred because of her inability to operate her florist business; (3) Recovery of nursing expenses; and (4) Future medical expense for anticipated plastic surgery. Mr. LeCompte and Firemen’s have appealed seeking reversal of the judgment in favor of Mrs. Lapeyrouse, and alternativély requesting that the award to Mrs. Lapeyrouse for personal injuries be affirmed.
In oral argument before this court, it was stipulated by Mr. LeCompte’s counsel that Mr. LeCompte’s claim against Chauvin and Fidelity for special damages incurred in treatment of Mrs. LeCompte’s extensive injuries has been abandoned.
We reverse the judgment insofar as it holds Mrs. LeCompte to be a joint tort feasor and casts Percy LeCompte and Firemen’s; in all other respects the judgments are ^ affirmed.
Mrs. LeCompte testified that shortly before the accident she picked up her sister, Mrs. Lapeyrouse, to attend a memorial Mass to be said that morning for their mother. She was proceeding along the highway in a dense fog, with her headlights on, just before daylight, her range of vision being approximately 80 feet. She was proceeding to the home of another sister, Mrs. Clarence Picou. She drove at a speed of 25 to 30 miles per hour in her proper lane until she reached a point opposite the Picou driveway. Because of her limited visibility, she stopped in the northbound lane opposite the driveway, turned on her left turn signal light, and looked intently ahead for oncoming traffic. She remained stopped a few seconds and asked Mrs. Lapeyrouse, who was seated to her right, whether Mrs. La-peyrouse saw any oncoming vehicles. Receiving a negative reply from her sister, she commenced her left turn. She recalled nothing more concerning the accident.
Mrs. Lapeyrouse’s testimony is essentially that Mrs. LeCompte was driving cautiously in the northbound lane until she reached the Picou driveway. At this point, Mrs. LeCompte brought her vehicle almost to a stop in the northbound lane and then began a left turn. She remembered nothing further regarding the circumstances attending the accident. She confirmed that the morning was very foggy but that there was some visibility as she could see the Picou residence on the west side of the highway, before Mrs. LeCompte began her turn.
Mr. Chauvin testified he spent the prior evening and night at several beer parlors and pool halls from about 9:00 P.M. until approximately 1:30 A.M., drinking beer and playing pool. He admitted having 6 .to 8 bottles of beer, following which he slept in his automobile until a few minutes prior to the accident. After awakening in his car, he waited a few minutes for his head to clear and then started toward his home some 10 to 12 miles away. He was proceeding southerly at a speed of 45 to 50 miles per hour, with his lights on, until just before the accident, at which time he reduced his speed to about 30 or 35 miles per hour because of the fog. At trial and in a statement given an adjuster while a hospital patient following the accident, Chauvin related there was a visibility of about 200 feet at the time of the accident. His statement recites that he saw the oncoming LeCompte car while it was about 200 feet distant, at which time Mrs. LeCompte was proceeding normally in the northbound lane at a slow speed. His statement further recites that *1120 Mrs. LeCompte turned left when he was only 20 feet away. At trial, however, Chauvin testified that while visibility was about 200 feet, he did not see the LeCompte car until it was about 50 feet away; that he could not explain why he did not see the LeCompte car sooner; and, that Mrs. Le-Compte turned when he was only 10 to 12 feet away. He denied seeing blinker lights in operation on the LeCompte vehicle. A statement by an acquaintance of Chauvin indicates that he and Chauvin were together drinking until considerably later than 1:30 A.M. on the morning of the accident.
The accident was investigated by Captain Ray Robinson, Louisiana State Police, who arrived on the scene approximately 40 minutes after the accident. He found the Le-Compte car completely blocking the southbound lane and facing in a southerly direction, opposite its direction of travel. He determined the point of impact was in the southbound lane, following which the Chau-vin car went completely off the highway on the west side. He noted about 20 feet of skid marks made by the Chauvin car south of the point of impact. Because of the serious injuries to Chauvin, Mrs. LeCompte and Mrs. Lapeyrouse, Captain Robinson made no effort to question them at the scene. He further testified that the fog was very thick when he arrived upon the scene.
In holding Mrs. LeCompte at fault, the trial court relied upon Simon v. Ford Motor Company, 282 So.2d 126 (La.1973), which holds that a motorist who is involved in an accident while traveling in an opposing traffic lane, bears the burden of exculpation from the slightest degree of negligence, which onus Mrs. LeCompte did not discharge. We find that Mrs. LeCompte did establish her freedom from negligence and that the trial court erred in holding otherwise.
When a motorist’s visibility is impaired because of smoke, mist, dust, or other atmospheric conditions, he is held to the duty of operating his vehicle with an unusually high degree of care. In such instances, a driver should reduce his speed to the extent that he can maintain his vehicle under control and reduce to a minimum the possibility of an accident. When visibility is totally obscured or greatly impaired, a driver should stop his car and remain at a standstill until conditions warrant his proceeding ahead. He does not have the right to assume his course of travel is free of danger or obstruction in the absence of his ability to see ahead clearly, and if he continues as if he knew there was perfect clearance ahead, he does so at his own risk and peril. Crockett v. United States Fidelity and Guaranty Co., 229 So.2d 169 (La.App. 1st Cir. 1970), and authorities therein cited.
From the record, we conclude that, while it was indeed a foggy morning, reasonable visibility existed at the scene when this accident occurred. We seriously question Chauvin’s testimony that visibility was 200 feet. The testimony of Mrs. LeCompte and Mrs. Lapeyrouse regarding visibility appears more plausible, and from which we determine that there was visibility of approximately 75 to 100 feet. Under such circumstances, we see no reason why Mrs. LeCompte should stop her vehicle and remain stationary upon the highway. We also find that, from the physical facts shown, Chauvin was traveling at a grossly excessive speed under the circumstances.
On these findings, we absolve Mrs. Le-Compte from negligence. She was in her proper lane of travel. Her headlights and left turn blinker signal were in operation. She stopped and looked for the lights of oncoming vehicles and also requested her guest passenger to watch for oncoming automobiles. After receiving a negative response from her guest passenger, she commenced a left turn with no oncoming yehi-cle within the range of her vision. She had a right to assume that any southbound motorist would be traveling at a reasonable speed under the circumstances. She did not see the oncoming Chauvin vehicle because it was too far distant for its lights to be observed in the fog that prevailed. We find that if Chauvin had been traveling at a reasonable speed under the circumstances, Mrs. LeCompte would have completed her *1121 turn without incident. We can think of no additional caution Mrs. LeCompte could have exercised under the circumstances, except to remain stationary on the highway, which we find she was not required to do under the circumstances of this case.
We find this case somewhat analogous to Demerest v. Travelers Insurance Company, 234 La. 1048, 102 So.2d 451 (1958), wherein a motorist crossing a highway in a fog was exonerated from fault even though her vehicle was struck by a motorist traveling upon the highway in his proper lane of travel. In Demerest, above, the court found that the excessive speed of the driver upon the highway was the sole proximate cause of the accident.
The judgment in favor of Mrs. Lapey-rouse against Mr. LeCompte and Firemen’s is reversed and set aside and judgment rendered herein in favor of Mr. LeCompte and Firemen’s against Mr. and Mrs. Lapeyrouse, rejecting the claims of Mr. and Mrs. Lapey-rouse, with prejudice. In all other respects, the judgment is affirmed, all costs of these proceedings to be paid by Fidelity.
Affirmed in part, reversed in part and rendered.