CULPEPPER, Judge.
The plaintiff, Arnold J. W. Stelly, filed suit for property damage to his pickup *25 truck. He collided with the rear end of defendant’s truck which he alleges was either stopped or moving very slowly on the highway without proper tail lights. From an adverse judgment, the defendant and his insurer appeal.
The issues on appeal are (1) whether the defendant was negligent and (2) whether plaintiff was guilty of contributory negligence barring his recovery.
The accident occurred during hours of darkness in a rural area on the two-lane, blacktopped highway, which runs generally north and south between Lebeau and Washington, Louisiana. At the scene, the road is straight and level. The weather was clear and dry.
Two large, stake-body trucks, owned by the defendant and loaded with sweet potatoes, had been proceeding in a southerly direction, one following the other, at a speed of 35 to 40 miles per hour. Defendant contends the lead truck slowed down to switch gas tanks, an operation performed by simply turning a switch; the following truck closed the gap to about 20 feet and both were proceeding at a speed of about 15 miles per hour in their proper lane of traffic, when the rear truck was struck from the rear by defendant’s pickup truck.
Defendant’s truck was also proceeding in a southerly direction at a speed of 30 to 35 miles per hour, loaded with 1200 pounds of feed. He had his lights on low beam. Plaintiff testified there were no lights on the rear of defendant’s truck and that he did not see it until it was too late for him to stop. He turned into the passing lane to go around the trucks but an approaching automobile forced him to “draw back”. The right front of plaintiff’s truck struck the left rear corner of defendant’s larger truck a glancing blow, then proceeded on and struck defendant’s forward truck a glancing blow, after which plaintiff’s vehicle moved another 150 feet, according to plaintiff’s testimony, or 350 feet, according to the testimony of defendant’s driver.
As regards the issue of defendant’s negligence, the substantial question is whether the rear end of the last truck was properly lighted. LSA-R.S. 32:304, subd. A, requires that every motor vehicle shall be equipped with at least one tail lamp mounted on the rear, which when lighted, “shall emit a red light plainly visible from a distance of 500 feet to the rear”.
Although the trial judge did not assign written reasons, it is obvious he found the defendant’s truck was not equipped with the required tail lamp. There is ample testimony which the trial judge could have believed to support this conclusion. The defendant owner of the truck testified that this two-ton, stake-body truck had a steel plate, referred to as a “shield”, across the rear, hanging down from the bed a distance estimated by some of the witnesses at 18 inches. This steel plate had a stop light in the center, and a turn-signal light on each side but none of these were on at the time. There were two tail lights, which burned continuously when the lights were on, but both of these were located below the shield and under the bed of the truck. One tail light was above the license plate.
Although the defendant called several witnesses who testified that these tail lights had been checked a short time before, were operating properly and could be seen for at least the required distance of 500 feet, there is ample testimony to the contrary which the trial judge could have believed. The most impressive of these is the state trooper who investigated the accident. He testified that one of the tail lights was broken, apparently in the collision. The other was still burning after the accident but it was “very dim.” Furthermore, both tail lights were located behind the shield and when he walked back 150 feet to the rear of the truck he could not see any light whatever from the one that was burn *26 ing. Also, the truck was dirty and dusty, which would imply that the lights were also dirty.
Under this testimony, it is immaterial whether the broken tail light was damaged in the collision. Even if both were burning, immediately before the impact, they were located behind the shield and were so dim that they afforded very little illumination. The evidence clearly supports the trial court’s conclusion that the defendant was negligent for failure to have the required tail lamps on the rear of the truck.
The next issue is whether the plaintiff was guilty of any contributory negligence. Defendant’s principal contention in this regard is that, regardless of whether the truck had proper tail lamps, the plaintiff should have seen it in time to avoid the collision.
A long line of jurisprudence has developed which several writers have referred to as “the erosion of the assured clear distance rule”.[1] The thrust of this jurisprudence is a continuous departure from the rule that a night motorist must drive with such meticulous care that he can bring his vehicle to a complete stop within the range of vision afforded by his headlights.
In Sittig v. Southern Farm Bureau Casualty Insurance Company, La.App., 198 So.2d 514 (3rd Cir. 1967), this court, in the majority and dissenting opinions, reviewed or cited most of the pertinent cases. In Sittig, the facts were that defendant’s unlighted truck was parked at night encroaching 5 or 6 feet into plaintiff’s lane of traffic. Plaintiff was driving 45 to 50 miles per hour with his lights on dim because another vehicle was approaching. His vision was impaired by the bright headlights of the oncoming traffic. He failed to see the defendant’s truck in time to stop. This court’s majority opinion held, in the words of Vowell v. Manufacturers Casualty Insurance Company, 229 La. 798, 86 So.2d 909 (1956), that the plaintiff did not have the duty to guard “against striking an unexpected or unusual obstruction which he had no reason to anticipate he would encounter on the highway” and concluded that defendant’s truck constituted such an obstruction. The dissenting opinion held defendant’s truck did not constitute "an unexpected or unusual obstruction” within the rationale of the Vowell case.
There are two slight differences between the facts in Sittig and the facts presented here. In Sittig, plaintiff’s vision was impaired by blinding lights and defendant’s truck was stopped on the highway. Here, there were no blinding lights and defendant’s truck was perhaps moving very slowly on the highway. After careful consideration, it is our conclusion that neither of these factual differences removes this case from the rationale of Sit-tig.
Our brothers of the First Circuit Court of Appeal have already reached this conclusion. In Shively v. Hare, La.App., 189 So.2d 12 (1st Cir. 1966) an unlighted, slow moving pulpwood truck was struck from the rear at night by plaintiff’s vehicle, which was traveling from 50 to 60 miles per hour. There were no blinding lights affecting plaintiff’s vision. Also, like the present matter, there was no fog, dust, smoke or other such factors bringing the case within the rationale of those holding that under such circumstances a motorist must proceed with an unusually high degree of care.[2] The court held such an unlighted vehicle, either moving or stopped on the highway, constituted such “an unusual *27 or unexpected obstruction” as to bring it within the holding of the Vowell case, supra.
In Woods v. Employers Liability Assurance Corporation, La.App., 172 So.2d 100 (1st Cir. 1965) defendant’s unlighted automobile, stalled at night on the highway, was struck from the rear by plaintiff. There were no blinding lights. The court held “[fjailure to see a stalled and unlighted vehicle on a public, open highway, where there are no special conditions requiring a reduction in speed or the exercise of extraordinary care, does not constitute negligence. Brunson v. Royal Indemnity Company, La.App., 166 So.2d 656.”
We have reached the same conclusion as our brothers of the First Circuit. A night motorist, traveling at a lawful speed in his own lane, is hot charged with the duty of seeing a parked or slowly moving vehicle, which is unlighted and difficult to see and where there are no special conditions, such as fog, smoke, dust, etc., which require a reduction in speed or the exercise of extraordinary care.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.

. See The Work of the Louisiana Supreme Court for 1955-1956 Term, 17 La.Law Review, 346, for a discussion of Vowell v. Manufacturers Casualty Insurance Company, 229 La. 798, 86 So.2d 909 (1956).

. See Beaugh v. Broussard, La.App., 199 So.2d 386 (3rd Cir. 1967) and the authorties cited therein.