FRUGÉ, Judge.
This is an action for wrongful death which resulted from a rear-end collision involving defendant’s truck and an automobile driven by the plaintiffs’ deceased son.
Plaintiffs, Mr. and Mrs. Zannard Miller, are the parents of Joseph Percy Miller, who was driving his Chevrolet vehicle east on Highway 90 just west of the town of Sul-phur on the morning of the accident, January 2, 1961. It was still dark at the time of the accident, and all the vehicles were proceeding with their lights on. The 1954 International truck driven by Edward Eugene Vincent, an employee of defendant, Henry Kinney, was also proceeding down Highway 90 in an easterly direction, preparing to make a left turn on what is generally referred to as the “sulphur mines road”. This intersection was unmarked and uncontrolled. The Vincent truck had stopped in the east-bound lane of Highway 90 awaiting the passage of several oncoming vehicles before Mr. Vincent could execute his left turn. Mr. Vincent stated that he saw the lights of the Miller vehicle overtaking him quite a distance behind. Before he could turn, however, he was struck by the Miller vehicle in the rear. Upon impact, the Chevrolet vehicle became imbedded under the rear of the one and one-half ton International truck, and the driver of the Chevrolet vehicle was killed.
The investigation officers found that the deceased left twenty feet of skid marks before colliding with the rear of the International truck. They also found that none of the lights on the truck were operative except a rear clearance light on the left corner of the bed of the truck and one front headlight. The truck had no foot brake at all, and Mr. Vincent had no drivers’ license. On the rear of the truck there was a single taillight and two signal lights.
*126 The trial court found that the truck either had no operating taillights or that its lights were “so covered with mud that it would he difficult for it to be seen at any great distance”. He then concluded that the truck which was stopped in the travel lane of Highway 90 constituted an unusual or unexpected obstruction to the free passage of the deceased; and thus, the deceased was not negligent in failing to observe the truck sooner than he did.
On this appeal, defendant appellant charges the district court with error in finding that the taillight on the International truck was either inoperative or so covered with mud as not to be readily visible. Defendant-appellant also charges the district court with error in not finding the deceased negligent in failing to maintain a proper look-out, and to drive within the vision of his headlights. In the alternative, defendant-appellant asks that the award of the trial court be reduced.
The issues presented for us on appeal are basically factual in nature, the trial court’s finding should be accepted by us unless there is a showing of manifest error therein.
First we shall consider whether or not defendant’s truck was properly lighted, and if not, whether such improper lighting was a cause of the accident.
Defendant testified at the trial that he observed his truck leave in the early morning and that when his driver, Vincent, left, all the lights on the truck were operating properly. His testimony was buttressed somewhat by that of his mechanic who testified that he did some work on the lights of the truck a few days or weeks before the accident and that its lights were working properly at that time. The operator of the wrecker testified that when he towed the truck away, he recalled one of the turn signals operating at that time, although he did not state which one it was.
Opposed to this evidence is first the general presumption that the deceased was not negligent in the operation of his vehicle,[1] and therefore, it follows that the occurrence of the collision itself is some evidence that the rear of the truck must have been improperly lighted. Both investigation officers testified that the truck’s taillight was not operating after the accident (although it was not broken or apparently damaged by the force of the impact), that the turn signals did not operate, that one headlight was inoperative, that the cab lights did not operate, and that only one of the four clearance lights on the bed of the truck were burning. In addition, defendant’s truck driver, Mr. Vincent, testified at the trial that he had no taillight and that his signal lights were not operating, which fact necessitated that he give only an arm signal to indicate his left turn. This was the same story he told the investigation officers after the accident, although in a deposition he made a contrary statement concerning the lights on the truck.
One of the investigation officers took pictures of the vehicles and the scene of the accident when he arrived at the scene. These pictures indicate that defendant’s truck was quite dirty and that its taillight was caked with dirt or dried mud. This fact is further substantiated by pictures filed in evidence on the part of defendant, which pictures were taken five days after the accident.
Revised Statute 32:304 provides in part:
“A. Every motor vehicle * * * shall be equipped with at least one tail lamp mounted on the rear, which, when lighted as hereinbefore required in R.S. 32:301, shall emit a red light plainly visible from a distance of 500 feet to the rear * *
*127 Revised Statute 32:314 provides in part:
“B. Whenever a vehicle is parked or stopped upon a roadway or shoulder adjacent thereto, whether attended or unattended, during the hours between sunset and sunrise and there is not sufficient light to reveal any person or object within a distance of 500 feet upon such highway, such vehicle so parked or stopped shall be equipped with one or more lamps meeting the following requirements: * * * (2) * * * at least one * * * lamp shall display a red light visible from a distance of 500 feet to the rear of the vehicle * *
 We have no difficulty in concluding that the trial court was correct in finding, from the above evidence, that defendant’s truck either had no taillight whatsoever operating at the time of the collision or that such taillight was so covered with dirt and mud that it was not “plainly visible from a distance of 500 feet to the rear”, as required in the above-cited statutory provisions. We have no hesitancy in further finding that the failure of the defendant’s truck to be lighted was a cause in fact of the collision.
The next issue is whether or not the deceased should have seen the stopped truck ahead of him in time to have reasonably avoided striking it. Defendant-appellant argues that the deceased must operate his vehicle such that it may be stopped within the range of its headlights at night,[2] and that his failure to do so constitutes contributory negligence. But the “assured clear distance” rule has been greatly modified by modern high-speed traffic realities and virtually rejected in cases involving unlighted vehicles obstructing highway. See Judge Tate’s concurring opinion in Eubanks v. Wilson, 162 So.2d 842, 848 (La.App.3d Cir., 1964); Vowell v. Manufacturers Casualty Insurance Co., 229 La. 798, 86 So.2d 909 (1956); Stelly v. Fidelity and Casualty Co., 201 So.2d 24 (La.App.3d Cir., 1967); Sittig v. Southern Farm Bureau Casualty Insurance Co., 198 So.2d 514 (La.App.3d Cir., 1967); Shively v. Hare, 189 So.2d 12 (La.App.1st Cir., 1966); Woods v. Employers Liability Assurance Corp., 172 So.2d 100 (La.App.1st Cir., 1965); Fontenot v. LaFleur, 124 So.2d 607 (La.App.3d Cir., 1960).
There is no evidence in the record to indicate that the deceased was speeding at the time of the accident, or that the lights on his vehicle were deficient or defective, or that he was asleep at the wheel. The circumstance of decedent’s colliding with the rear of the stopped truck does not support any conclusion that he failed to keep a proper lookout, in view of the fact that the truck was improperly lighted. See Woods v. Employers Liability Assurance Corp., supra. The fact that the deceased left twenty feet of skid marks up to the point of the collision indicates that he was watching ahead but discerned the figure of the stopped truck when he was in such proximity to it as to render ineffective any effort on his part to avoid it.
We hold that the existence of defendant’s truck in the travel portion of the highway with deficient or non-existent taillights constituted an unusual and unexpected obstruction to the free passage of decedent’s vehicle, which obstruction decedent is not held to have anticipated. Thus, there is no showing of any negligence on his part. See list of cases cited supra.
The district court awarded plaintiffs each $12,500.00 for the wrongful death of their twenty-year-old son who lived with them. It appears that the son helped his parents with the work on their farm when *128 ever he wasn’t working elsewhere and that his parents felt great affection for him. While awards smaller than the present ones have been made in some cases for wrongful death, we cannot say that the present awards are manifestly excessive.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.
HOOD, J., is of the opinion that a rehearing should be granted.

. “The law presumes that the instinct of self-preservation will cause a person to exercise due care and to avoid exposing himself unnecessarily to harm. Simon v. Texas and New Orleans Railroad Company, [124 So.2d 646 (La.App.3d Cir., 1960)] * * Begnaud v. Texas & New Orleans Raiload Company, 136 So.2d 123, 129 (La.App.3d Cir., 1961).

. Defendant relies upon the cases of Demerest v. Travelers Insurance Co., 234 La. 1048, 102 So.2d 451 (1958); Geoghegan v. Greyhound Corp., 226 La. 405, 76 So.2d 412 (1954); Louisiana Power and Light Co. v. Saia, 188 La. 358, 177 So. 238 (1937); McCann v. Dixon, 50 So.2d 107 (La.App.2d Cir., 1951); Hemel v. United States Fidelity and Guaranty Co., 31 So.2d 38 (La.App.Orl.Cir., 1947); Goodwin v. Theriot, 165 So. 342 (La.App.1st Cir., 1936).