FRUGÉ, Judge.
This is a personal injury suit. Plaintiff appeals from a jury verdict in her favor, contending that the award granted by the jury is grossly inadequate. Defendant answered the appeal, disputing the trial court’s findings of negligence and liability.
The accident out of which this suit arises occurred during an early morning rainstorm at approximately 4:00 A.M. on May 4, 1968, on the Old Jeanerette Road in Iberia Parish, near the city limits of New Iberia. Dorothy Craker, plaintiff herein, was asleep in the right front seat of an automobile being driven by Albert Lancon when the vehicle smashed into the rear of a truck. Miss Craker was thrown into the car’s windshield by the collision, and suffered a severe gash *186 across her entire forehead, resulting in a permanent disfiguring scar. She brought this action against Allstate Insurance Company, Lancon’s insurer, under a public liability policy in which liability for bodily injury is limited to $5,000 for each person injured. Allstate requested a jury trial, and at the conclusion of the evidence the jury found in favor of Miss Craker and awarded her $750.
Because Miss Craker was asleep prior to the collision, she is unable to testify in detail to the circumstances surrounding the accident. She was, however, the only witness to the accident called by either party. Lancon was not called by Allstate, or by Miss Craker.
Essentially all that Miss Craker was able to prove concerning the accident is that Lancon was driving the car, and that it collided with the rear of a truck. But we believe that this was sufficient, under the laws of this state, to make out a prima facie case of negligence on the part of Lancon. “A motorist .is held to have seen an object which, by the use of ordinary care and prudence, he should have seen in time to avoid running into it, and * * the driver of an automobile is guilty of negligence in driving at a rate of speed greater than that in which he could stop within the range of his vision. Louisiana Power & Light Co. v. Saia, 188 La. 358, 177 So. 238 (1937); Eubanks v. Wilson, 162 So.2d 842 (La.App.3d Cir. 1964).
In Vowell v. Manufacturers Casualty Insurance Company, 229 La. 798, 86 So.2d 909 (1956), our supreme court stated an exception to the rule stated in Saia. It was there held that “a motorist traveling by night is not charged with the duty of guarding against striking an unexpected or unusual obstruction, which he had no reason to anticipate he would encounter on the highway”. 86 So.2d at 913. See also Miller v. Kinney, 213 So.2d 124 (La.App. 3d Cir. 1968); Stelly v. Fidelity & Cas. Co., 201 So.2d 24 (La.App.3d Cir. 1967). Miss Craker having established a prima facie case of negligence on the part of Lancon under the Saia rule, Allstate then incurred the burden of proving that its insured was within the Vowell exception. This they have not done; the only witness called by Allstate was Miss Craker, and she was asleep prior to the collision.
Miss Craker received no medical treatment until afternoon on May 4, because after the accident Lancon, rather than taking her to a hospital, calling a doctor, or calling the police, left her at a nearby motel. She was taken to Lafayette Charity Hospital that afternoon by the Iberia Parish Sheriff’s Department. There the painful cuts on her forehead were sutured. Half of the sutures were removed on May 6; the remainder on May 15; and two glass fragments imbedded in her forehead were removed on May 28. Scarring from the lacerations, extending almost across the entire forehead, will be permanent. Tr. 135.
There is also evidence that Miss Craker suffered a sacroiliac sprain. Tr. 135. She was under treatment of a physician for the facial lacerations and for back pain until September, and at time of trial continued to experience feelings of numbness and hypersensitivity in the area of the facial scars.
Medical costs incurred by Miss Craker amounted to $185.30.
The serious matter of determining an appropriate award of damages in a personal injury case is largely within the discretion of the trial court, and an appellate court hesitates to disturb an award set by the trial court unless it appears on appeal that the trial court has abused its discretion. But appellate courts have the duty to review the facts and circumstances upon which a trial court based its award, as well as the amounts awarded in similar cases, to determine whether there has been an abuse of discretion. Ballard v. National Indem. Co., 246 La. 963, 169 So. *187 2d 64 (1964); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).
We think the award granted by the jury in this case did amount to an abuse of discretion. Although we think that $5,000 will not adequately compensate Miss Cra-ker for the pain and suffering and disfigurement she has undergone as a result of this injury, that is the limit of the coverage available under Allstate’s policy, and Allstate is the only defendant.
For the reasons assigned, the judgment of the trial court is amended to increase the award to plaintiff on account of her personal injuries from $750 to $5,000. In all other respects, the judgment is affirmed. All costs are to be paid by defendant-appellee.
Amended and affirmed.