LANDRY, Judge.
Plaintiff appeals dismissal of his tort action against his host driver, Beauford J. Alexander, and Alexander’s omnibus insurer, American Service Mutual Insurance Company, for damages for personal injuries sustained in a single car accident.
The sole issue on appeal is whether defendant has successfully rebutted the prima facie showing of negligence on his part resulting from plaintiff’s establishing that the car in which plaintiff was riding struck the median barrier of a four lane highway while plaintiff was asleep on the back seat. We affirm the judgment of the trial court.
On February 7, 1968, plaintiff, an army cook stationed at Fort Polk, was requested by his associates, Roland Smith and Beau-ford J. Alexander, to accompany them to New Orleans to participate in Mardi Gras festivities being conducted that day. The three left Fort Polk in Smith’s Mercury Comet automobile with Smith driving. Somewhere en route Smith permitted Alexander to drive. At approximately 4:15 P. M., while Alexander was driving the vehicle easterly along U. S. Highway 190 (a four-lane highway), and while plaintiff was asleep on the back seat, the vehicle skidded out of control, struck the barrier dividing the east and westbound lanes of travel, skidded an additional distance, struck an abutment at a break or gap in the barrier, and came to rest against the abutment in the left or passing eastbound lane. The accident happened approximately one mile east of Livonia, Louisiana.
At the trial of the case held June 27, 1968, defendants established that Roland Smith, owner of the vehicle involved in the mishap, had been killed in a motorcycle accident which occurred subsequent to the accident herein sued upon. The sole witness who testified at the trial concerning the events attending the accident was the investigating officer, Sergeant Martin J. Fritcher, of the Louisiana State Police. Counsel for defendants requested the trial court to keep the case open for the taking of Alexander’s testimony by interrogatories or deposition. Counsel explained that Alexander was then believed to be residing in either the State of California or Oregon and was, therefore, not amenable to subpoena. Later, on Feburary 26, 1969, counsel for defendants informed the Court and opposing counsel that Alexander’s testimony would not be taken, and requested the Court to decide the matter on the evidence then of record.
Sgt. Fritcher testified that he arrived at the scene at approximately 4:37 P.M. The weather was clear and the roadway dry. He stated that at the site of the accident, the highway was “as straight as an arrow.” His investigation disclosed that the sole vehicle involved was a Mercury Comet bearing a California license tag. Fritcher found that the Comet automobile left skid marks a distance of 195 feet entirely in the inside eastbound lane of travel. He explained that the vehicle skidded a distance of 140 feet, side-swiped the barrier divider, skidded an additional distance of 55 feet, and then struck an abutment at a gap or break in the divider, finally coming to rest against the abutment. He found no evidence of a collision between the Comet and any other vehicle.
Without objection, Fritcher stated that he interrogated Smith and Alexander who both gave the same version concerning the occurrence of the accident. In essence Fritcher stated that Smith and Alexander informed him that Alexander was driving easterly in the inside lane of travel at a speed of about 65 to 70 miles per hour. They also related that as Alexander was in the act of passing an automobile traveling in the outside lane, the other car suddenly swerved into the inside lane immediately ahead of the car being driven by Alexan *797 der. In an attempt to avoid a collision, Alexander applied his brakes whereupon his vehicle went into a skid, side-swiped the barrier, and crashed head on into a barrier abutment at a break in the barrier. Sergeant Fritcher also testified that the legal speed limit in the area was 70 miles per hour. He also stated that neither Smith nor Alexander could give any information about the other car, its identity or occupants, other than that the vehicle was white.
Being asleep at the time, plaintiff could offer no explanation of the events attending the accident. Plaintiff’s first recollection following the accident was of his regaining consciousness in the hospital to which he was taken.
Plaintiff, relying entirely upon Craker v. Allstate Insurance Company, La.App., 239 So.2d 184, contends that the trial court erred in not holding that plaintiff established a prima facie case of negligence upon showing that his host’s vehicle went out of control and struck a highway divider barrier. Plaintiff further contends that the trial court erred in failing to hold that upon such showing, the burden shifted to defendants to exculpate Alexander from the resulting inference of negligence, and on such basis award plaintiff recovery.
While we find the rule announced in Craker, above, to be pertinent, we do not consider Craker, above, to be controlling herein because of salient factual distinctions between this case and the cited authority. In Craker, the court held that a sleeping guest passenger makes out a pri-ma facie case against his host upon showing that the host driver crashed into the rear of a truck during a predawn rainstorm. In Craker, above, the guest passenger was the only witness to testify concerning the accident. The court held in Craker, above, that even though plaintiff could not detail the events attending the accident, she made out a prima facie case which shifted to defendant the burden of refuting his presumed negligence by showing that the truck was an unusual or unexpected obstruction which defendant was not required to anticipate.
In this instance, the record contains the testimony of Sergeant Fritcher, a disinterested witness. Assuming arguendo, Fritcher’s testimony is hearsay, nevertheless it was admitted of record without objection. It is well settled that even uncorroborated hearsay testimony of a single witness, admitted without objection, may be considered of probative value. Gulf States Utilities Company v. Guidry, La. App., 183 So.2d 122, and authorities therein cited.
Our courts adhere to the majority rule that relevant hearsay testimony, admitted without objection, may properly be considered and given its natural probative effect. Guidry, above, and authorities cited therein.
In this instance, the trial court properly concluded that Fritcher’s testimony, coupled with the physical facts found by the officer, refuted plaintiff’s prima fa-cie case of negligence on Alexander’s part. The explanation testified to by Fritcher seems logical and plausible under the circumstances. The highway was straight, the roadway dry, visibility was unimpaired, and Alexander was proceeding at a lawful rate of speed. The location of the skid marks establish that some circumstance occurred which led Alexander to believe that it was necessary to suddenly apply his brakes while traveling between 65 and 70 miles per hour in the passing lane of an open country four lane highway.
It suffices to say that upon being confronted with an emergency of the nature shown, Alexander was not negligent in forcefully applying his brakes to avoid a collision.
The judgment of the trial court is affirmed at appellant’s cost.
Affirmed.