325 So.2d 654 (1975)
Ben GUNTER and Maxine Gunter, Plaintiffs-Appellees,
v.
Gus O. WILEY et al., Defendants-Appellants.
No. 5245.
Court of Appeal of Louisiana, Third Circuit.
December 24, 1975.
Rehearing Denied January 30, 1976.
Gold, Hall, Hammill & Little by Leo Gold, Stafford, Pitts & Stafford by John L. Pitts, Lewis O. Lauve, Gist, Methvin & Trimble by James T. Trimble, Jr., Alexandria, Sam J. Friedman, Natchitoches, for defendants-appellants.
Gravel, Roy & Burnes by Chris J. Roy, Alexandria, Roy Maughan and Dorsey *655 Martin, III, Baton Rouge, Alfred Mansour and Edward A. Kaplan, Pharis & Pharis by F. Jean Pharis, Alexandria, Watson, Murchison, Crews & Arthur by William P. Crews, Jr., Natchitoches, for plaintiffs-appellees.
Before MILLER, WATSON and CUTRER, JJ.
MILLER, Judge.
Defendants appeal the awards totaling $161,846 to plaintiffs Ben and Maxine Gunter for the wrongful deaths of their children, Joseph, age 14, and Roxann, age 10. We affirm.
This case was consolidated for trial and appeal with Ogaard v. Wiley, 325 So.2d 642 (La.App. 3 Cir., 1975), handed down this date. Defendants are named in that opinion. For reasons there assigned the trial court judgment is affirmed as to liability of the several defendants.
It was established in the record that plaintiffs' children were intelligent, courteous, and respectful. They had a close and affectionate relationship.
Father and son went fishing at least once each week. Daughter assisted in the family shopping and did some of the cooking. All four often engaged in family activities.
The record is sketchy, but these parents established a community of interest, love, and affection existed in their home.
Although we would have made a lesser award on this record, defendants failed to establish manifest error in the trial court's exercise of its much discretion in awarding $40,000 to each parent for each child.
The trial court judgment is affirmed at appellants' costs.
Affirmed.

ON APPLICATION FOR REHEARING
For reasons assigned on rehearing in Ogaard v. Wiley, 325 So.2d 642 (La.App.3rd Cir., 1975), we amend the trial court's and our former decree to assess all legal interest which accrues on the judgment from June 6, 1975 to defendants Hartford and Travelers. Should Hartford and Travelers satisfy their liability on the judgments, Mission would then be liable for interest accruing thereafter.
With this amendment, all applications for rehearing are denied. All parties are hereby granted leave to file additional applications for rehearing relating to this amended decree.
Amended and affirmed.