HALL, Judge.
These consolidated suits arise out of a three-automobile accident which occurred December 8, 1972, at approximately 7:20 p. m. on North Market Street in Shreveport. North Market is a north-south thoroughfare with two southbound lanes and two northbound lanes, divided by a median. The accident happened at a break in the median when a southbound automobile driven by Fred Maddox struck an automobile driven by Wilbert Thomas which was stopped in the break in the median headed easterly. The impact knocked the Thomas vehicle into another automobile driven by R. C. Gray, which was also stopped in the break in the median, headed easterly, immediately to the right or south of the Thomas vehicle.
In suit No. 12,796, Maddox sued Thomas and his own insurer, American Motorists Insurance Company, under its uninsured motorists coverage. The insurer made Thomas and Gray third party defendants. Thomas and Gray denied negligence and alternatively, pled contributory negligence on the part of Maddox.
In suit No. 12,797, Thomas and Gray, and guest passengers in their automobiles, sued Maddox and his insurer. The defendants denied negligence and, alternatively, pled contributory negligence on the part of Thomas and Gray.
The district court, in transcribed oral reasons of judgment, found all three drivers negligent and denied recovery by any of the drivers. Awards for personal injuries and medical expenses were made in favor of the guest passengers against Maddox and his insurer. Maddox and his insurer appealed in both suits. Answers to the appeals were filed by Thomas and Gray. The guest passengers neither appealed nor answered the appeals. Finding no error in the judgment of the district court, we affirm.
The testimony of Thomas and Gray and their guest passengers is to the following effect. They had been shopping at a shopping center located on the west side of North Market Street. Leaving the shopping center parking lot, with the intention of driving through the break in the median and turning left or north, Thomas stopped at the edge of the southbound lanes of North Market and allowed traffic to clear. He then proceeded across the southbound lanes and stopped in the break in the median, angled in a northeasterly direction, with the entire length of his station wagon within the median. Gray, following in his automobile, allowed a few southbound cars to pass and then drove into the break in the median and stopped to the immediate right of Thomas. Several minutes passed while they were waiting for northbound traffic to clear, during which time several southbound cars also passed. Suddenly the left rear side of the Thomas automobile was struck by the southbound Maddox automobile, knocking the Thomas car into the Gray automobile. The witnesses testified Maddox appeared to have been drinking.
A conflicting version was given by Maddox. He testified he was traveling south in the inside lane within the speed limit. The Thomas and Gray automobiles pulled out of the shopping center parking lot, *758 crossed the southbound lanes in front of him, and stopped in the break in the median with the rear ends of their vehicles blocking his southbound inside lane. He was unable to pull to the right because of an automobile in the right lane, applied his brakes, but was unable to stop prior to striking the Thomas automobile. Maddox denied having anything to drink.
The accident was investigated by a Shreveport police officer who arrived within a few minutes after the accident and before any of the vehicles were moved. He testified the cars were all still together, with the front of the Maddox vehicle and the rear ends of the Thomas and Gray vehicles all in the inside southbound lane. The Thomas vehicle blocked about three-quarters of the lane. From debris, the point of impact was established as within the southbound lane. There were no skid marks. There was no indication Maddox had been drinking.
The district court, judging the demeanor and credibility of the witnesses, determined that Maddox was negligent in not seeing what he should have seen, that is, the Thomas and Gray vehicles protruding out into his lane of travel, in not keeping a proper lookout under the conditions prevailing, and in failing to avoid the collision when he could have done so. The court found Thomas and Gray negligent in leaving a portion of their vehicles protruding in the inside southbound lane, particularly under the prevailing- conditions of darkness, rain and heavy traffic.
The testimony of the police officer clearly establishes that the Thomas and Gray vehicles were partially blocking the inside southbound lane of North Market Street and that the point of impact was in the southbound lane, not in the break in the median as contended by Thomas and Gray. The latter attack the inexperience of the officer and the accuracy of certain measurements made by him at the scene. Our review of the record discloses no significant evidence tending to undermine the accuracy of the officer’s testimony. Thomas and Gray were negligent in stopping with their vehicles extending into and partially blocking the southbound lane.
The trial judge specifically rejected Maddox’s testimony that the Thomas and Gray automobiles pulled out and stopped in front of him suddenly in such a manner that he could not avoid a collision. Although Thomas, Gray and their passengers may have been mistaken as to the exact location of their vehicles in relation to the southbound lane and the break in the median, their testimony relating to the manner in which they exited the parking lot and the time they were stopped in the break in the median appears reasonable. Gray was following Thomas. Gray waited for southbound traffic to clear after Thomas crossed the southbound lanes and stopped. He then proceeded across the southbound lane and stopped. Both vehicles were completely stopped at the time of impact. All the witnesses except Maddox testified they were stopped for a considerable time before impact and other cars passed. We agree with the trial court’s conclusion they were stopped long enough that Maddox should have segn them and by exercising reasonable precaution, avoided vthe collision. Maddox was negligent in failing to do so.
The amounts awarded to the guest passengers for their injuries are not at issue on appeal.
For the reasons assigned, the judgment of the district court is affirmed, at the cost of appellants, Fred Maddox and American Motorists Insurance Company.
Affirmed.