352 So.2d 316 (1977)
Dolores Lewis Youngblood, widow of Nelson YOUNGBLOOD
v.
OIL WELL CHEMICAL COMPANY OF LOUISIANA et al.
No. 8324.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1977.
Rehearing Denied December 13, 1977.
*317 Edward R. Drury, New Orleans, and Clark A. Richard, Metairie, for plaintiff-appellee.
Lemle, Kelleher, Kohlmeyer & Matthews, Paul B. Deal, New Orleans, for defendants-appellants.
John A. Gegenheimer, Gretna, for third-party defendant, Gerald Chase.
Before SAMUEL, LEMMON, GULOTTA, STOULIG and BEER, JJ.
LEMMON, Judge.
Plaintiff filed this suit to recover damages for the wrongful death of her daughter, Carol Youngblood, in an accident between two vehicles driven by Ernest Snyder and Gerald Chase. Snyder has appealed from a judgment, rendered after trial on the merits, which found him solely liable. Issues are the negligence of Snyder and Chase, Carol Youngblood's contributory negligence or assumption of risk, and quantum.
The accident occurred on a clear, dry night on a straight, level highway, which consisted of four lanes divided by a raised median. Chase, with Miss Youngblood as a passenger, had been traveling west and attempted to execute a U-turn through a cut in the median. His engine stalled, and his Mercury Comet stopped with the front half projecting beyond the neutral ground area into the inside lane for eastbound traffic.[1]
When Chase couldn't get the engine started, he got out of the car, leaving the lights on, and proceeded about 30 feet up the highway with a flashlight to direct traffic until he could get help to start the car or move it off the highway. An eastbound car came along in a minute or two and slowed but went past. Shortly thereafter a westbound motorist saw Chase's predicament (describing Chase's vehicle as "crosswise of the highway") and stopped on the shoulder, leaving his parking lights on. As this motorist walked across the highway to offer assistance, he saw Snyder speed past the *318 point where Chase was waving with the flashlight and into the passenger door of the Chase vehicle where Miss Youngblood was sitting. Chase estimated that about six to ten minutes elapsed between Chase's engine stalling and the collision.
Miss Youngblood was killed instantly in the collision, and Snyder was severely injured. At trial he could not recall any of the details of the accident, but stated he usually drove about 65 miles per hour in that area, which had a 70-mile limit at the time. The investigating officer found 18 feet of skidmarks prior to impact and damage to the front of Snyder's car. The officer also noted that there were no street lights in the area, but that there were no obstructions, and that visibility was good.
Snyder's Negligence
Although the area was dark, the westbound motorist clearly saw Chase's red and white car from 225 feet away in the illumination supplied by his own headlights and without the benefit of the flashlight signals by Chase, who was on the other side of the stopped car. When Snyder approached shortly thereafter from the other direction, he additionally had Chase's flashlight and the assisting motorist's parking lights to alert him of the presence of the hazard on the highway.
From the overall circumstances shown in this record, we conclude that Snyder, if properly attentive, should have seen Chase's signal and recognized the hazardous situation in time to avoid the collision and that his failure to keep a proper lookout and to see what he should have seen was a legal cause of the accident.
Chase's Negligence
When his vehicle became disabled, creating a hazardous situation, Chase immediately took reasonable action to warn approaching motorists.[2] He was not successful in warning Snyder only because of Snyder's substandard conduct. We conclude that Chase's behavior did not fall below the standard of a reasonable man under the circumstances.
Contributory Negligence and Assumption of Risk
Contributory negligence is conduct which falls below the standard to which one should conform for his own protection, the standard being that of a reasonable man under like circumstances. Smolinski v. Taulli, 276 So.2d 286 (La.1973).
Snyder argues that it was unreasonable for Miss Youngblood to remain at night in a disabled car which projected into a lane of high speed traffic. However, in determining reasonableness of conduct, a court must consider all of the facts and circumstances bearing on that conduct.
In Thibodeaux v. Jack's Cookie Corp., 169 So.2d 918 (La.App. 3rd Cir. 1964) a passenger was held contributorily negligent when he remained in a stalled car, which was struck from the rear while blocking almost the entire westbound lane of a two-lane highway, for 15 minutes at night while the driver was out of the car. However, the driver was in front of the car, rather than signaling traffic approaching from the rear. Furthermore, the approaching driver, seeing only burning taillights, was in no way warned that the car was stationary until he perceived this upon approaching the car closely.
In the present case all lights were burning on a red and white car that was in an unusual position on the highway; one of the two lanes for eastbound traffic was clear, and the other was only partially blocked; and Chase was in the highway ahead flagging that traffic with a flashlight. For the short period of time until help could be summoned, Miss Youngblood was safe from all but the most reckless and *319 inattentive drivers.[3] Against such drivers she would not necessarily have been safer standing in the dark on the neutral ground or on the shoulder.[4]
While it appears in retrospect that Carol Youngblood would still be alive (although the accident would not have been prevented) if she had removed herself from the car, we cannot say that her decision to remain for the brief period in the warm car on a cold night, with the lights on and with Chase warning oncoming traffic with a flashlight, was so unreasonable or substandard as to constitute contributory negligence barring her mother's recovery.
Quantum
Carol Youngblood, 18 years old at the time of her death, was the second of seven children and the oldest daughter. Her widowed mother described her as a "big help" at home and a "second mother" to the other children. She contributed her social security benefits to the family and used her summer employment income to buy things for her mother and the children. She was a senior in high school and had planned to attend college.
In Gunter v. Wiley, 325 So.2d 654 (La. App. 3rd Cir. 1975), the court affirmed an award of $40,000.00 to one parent for loss of a teenaged child. In Walker v. St. Paul Ins. Cos., 343 So.2d 251 (La.App. 1st Cir. 1977) the court reduced a jury award to $40,000.00 for each parent for the loss of a major child who was married and not living with his parents or contributing to their support. We cannot say that the award in this case in that same amount is so excessive as to constitute an abuse of the trial court's much discretion under C.C. art. 1934(3).
The judgment is affirmed.
AFFIRMED
SAMUEL, J., dissents and assigns reasons.
GULOTTA, J., dissents and assigns reasons.
SAMUEL, Judge, dissenting.
As I am of the opinion that the decedent herein was contributorily negligent,
I respectfully dissent.
GULOTTA, Judge, dissenting.
I respectfully dissent.
Although I am in agreement with the majority's finding of negligence on the part of the defendant driver, Snyder, I am of the opinion that plaintiff's entitlement to recovery is barred by the contributory negligence of the deceased passenger in the stalled automobile.
The evidence is clear and virtually undisputed that the front half of the stalled automobile protruded into the left (neutral ground) eastbound lane of U.S. Highway 90; that the automobile was perpendicular to the east and westbound 4-lane highway divided by a 3-foot median; that because there were no street lights in the area, the highway was dark; and, that the deceased passenger remained for a period of 6-10 minutes in the front seat of the stalled automobile.
A passenger's failure to get out of an automobile stalled in such a precarious position on a 70-mile-per-hour speed limit highway is conduct below the standard of a reasonable person and constitutes contributory negligence. See Thibodeaux v. Jack's Cookie Corporation, 169 So.2d 918 (La.App. 3d Cir. 1964), writ refused, 247 La. 365, 171 So.2d 479 (1965).
NOTES
[1] The investigating officer, who had no independent recollection of the accident, estimated the median width at three feet. However, the numerous photographs of the scene indicate the width was closer to that of one of the lanes of travel. (See particularly D-11). The record did clearly establish that a normal automobile cannot fit in the neutral ground area, perpendicular to the traffic lanes, without projecting into some lane of traffic.
[2] R.S. 32:141A's restrictions against stopping on the traveled portion of a highway do not apply to the driver of a disabled vehicle. However, R.S. 32:141B requires such a driver to remove the vehicle as soon as possible and to "protect traffic" in the meantime.
[3] Since Snyder's car was only the third on the scene after the breakdown, either the traffic was exceptionally light or the estimate of time was excessive.
[4] Indeed, Chase, standing near the neutral ground with a flashlight, had to jump out of Snyder's path and onto the neutral ground in order to avoid being struck.