LEMMON, Judge.
Plaintiffs (Silcio, the driver, and his automobile passengers) have appealed from a judgment dismissing their tort action based on an automobile accident. The issue is whether plaintiffs’ evidence established liability on the part of defendant, Mrs. Haley, for the collision.
The accident occurred on a rainy night on a four-lane highway divided by a median. Silcio, who had been driving west on the highway, was involved in an earlier collision, in which his car veered across the median and came to rest facing eastward in the left or inside of two eastbound lanes. According to Silcio, after determining his car could not be moved and turning on his flashing hazard lights, he checked on the driver of the other car and then returned to his car, where he attempted to secure help by means of his CB radio for about five minutes, when he was struck from the rear by Mrs. Haley. He did not attempt to flag oncoming eastbound traffic or instruct anyone else to do so, and he kept his family in the car because it was raining and it was safer there than outside.
Mrs. Haley testified that she was driving in the left eastbound lane at approximately 35 miles per hour (the speed limit was 45) behind another vehicle, when the preceding vehicle suddenly moved into the right lane. She then saw the Silcio vehicle for the first time, stopped without lights or any warning devices, about four car lengths ahead. She immediately applied her brakes, but was unable to stop or to avoid hitting the stopped car, and there being another car to her right.
Although Silcio produced two witnesses who stated that his flashers were on prior to the second collision, the investigating officer testified that none of the lights on Silcio’s car were working when he arrived at the scene and that Mrs. Haley had told him the Silcio car had no lights on at the time of the collision.
Penal traffic statutes (R.S. 32:141 B) and reasonable standards of conduct require that a motorist whose disabled car is stopped on the traveled portion of a highway (particularly in the passing lane of a multi-lane highway) take reasonable precautions to protect oncoming traffic from the hazard thus created. Action or inaction in this respect is relevant not only to the determination of negligence on the part of the stopped motorist, but also to the determination of negligence on the part of the oncoming motorist.
In the present case the record supports the trial court’s apparent finding that Mrs. Haley was driving in a prudent manner within the speed limit when the preceding motorist’s sudden and unexpected turn exposed her to a sudden emergency situation which was not of her own making. Perhaps if Silcio had taken steps to warn oncoming traffic, as required by statutory law and by rules of reason, then Mrs. Haley should have been alerted earlier to the hazard and would have been afforded more time to stop or otherwise avoid the accident, and her failure to do so under those circumstances might justify a finding of negligence.[1] Under the overall circumstances established by this record, however, Mrs. Haley’s conduct met the standard of a reasonable motorist, and the trial court properly concluded she was not liable for any plaintiffs’ damages.

AFFIRMED.

. See, for example, Youngblood v. Oil Well Chemical Co. of La., 352 So.2d 316 (La.App. 4th Cir. 1977), in which a stopped motorist left a passenger in the car and was flagging oncoming traffic when the defendant drove past the signaling motorist and into the stopped car without slowing or swerving.