CULPEPPER, Judge.
This is a suit for damages arising out of an automobile accident. Plaintiff was driving his vehicle at night on a two-lane highway when he struck the vehicle driven by defendant Lemoine, which was on the high *1272 way in the process of pulling another vehicle out of the ditch. The trial judge found that the defendant Lemoine was negligent and that the plaintiff Darby was free of contributory negligence. The court awarded plaintiff the stipulated property damage and medical expenses in the sum of $1,967 and, in addition, awarded plaintiff the sum of $1,000 for general damages. Defendants appealed.
On appeal, defendants concede that Lem-oine was negligent, and that the quantum of the award is not excessive. The sole defense urged on appeal is that the plaintiff Darby was contributorily negligent.
The evidence shows that on November 8, 1979 between 7 and 8 o’clock p. m. the plaintiff, Fred Darby, was driving his Volkswagen automobile in a northerly direction on State Highway 29, which is a two-lane blacktop road. The weather was clear. Darby and his passenger, Ethel Hebert, testified they were going 40 to 45 miles per hour. The speed limit was 55. They drove around a curve and suddenly saw a pickup truck blocking their lane of travel. Plaintiff says he was only about 20 feet from the truck when he first saw it. He states he applied his brakes and tried to turn to the left, but that the front of his automobile struck the left front fender of the pickup.
The pickup was being driven by defendant Lemoine, 17 years of age. Just prior to the accident, Lemoine and his guest passenger, Kenneth Soileau, had been flagged down by Lemoine’s relative, Fred Fontenot, whose white Chevrolet automobile was in the ditch on the east side of the highway. At this location, Floyd’s Superett, a small grocery store, is located on the east side of the highway, and, at the time of the accident, there were two bridges from the highway into the blacktopped parking area in front of the store, one on the north and one on the south. In attempting to drive from the highway into the store parking lot, Fon-tenot had missed the bridge and driven his automobile head first down into the ditch between the two bridges. The ditch was about four feet deep and 15 to 20 feet wide.
Lemoine, using a. chain, first tried to pull the Fontenot automobile out of the ditch onto the store parking area, but he was unsuccessful. Then he moved his pickup truck onto the highway and attached the chain to the rear of the Fontenot automobile, but he was again unsuccessful in pulling the car out of the ditch. Lemoine testified he had just unhooked the chain, and was in his pickup truck, which was stationary across the north bound lane, headed west, when he noticed plaintiff's headlights and heard plaintiff’s brakes squeal. The collision ensued.
Fontenot testified that while Lemoine was trying to pull the car out of the ditch, he was standing on the east side of the highway, about 20 feet to the south, flagging traffic with a white handkerchief. Fontenot says six or seven cars approached from the south, saw his handkerchief and slowed down and turned into the south bridge, went through the parking area and back out on the north bridge to the highway. Fontenot says that he saw plaintiff approaching and flagged with his handkerchief, but that plaintiff did not even slow down. Fontenot says he had to jump out of the way.
There is a conflict in the testimony as to whether the pickup truck or the automobile in the ditch had their lights on as plaintiff approached from the south. Plaintiff and his passenger testified positively that they saw no lights on the pickup truck or the automobile in the ditch. Their testimony is corroborated to an extent by that of Trooper Fontenot, who arrived at the scene immediately after the accident. He testified that the pickup truck was still on the highway and it had no lights on. He also said the automobile in the ditch had no lights. But, of course, he did not know whether the lights were on at the time of impact.
On the other hand, defendant Lemoine and his witnesses, Kenneth Soileau and Fred Fontenot, testified that both the headlights and the parking lights on the pickup truck were on. Fontenot testified that the brake lights of his automobile in the ditch were on. Lemoine testified the car in the *1273 ditch had its parking lights on. Soileau could not remember whether the car in the ditch had any lights on.
There is also a conflict in the testimony as to the distance from the curve in the highway to the point of impact. Plaintiff testified it was about 160 feet. His passenger, Ethel Hebert, testified it was about 92 steps. Trooper Fontenot stated the distance was about Vi mile.
Neither plaintiff nor defendant contend there was any traffic approaching from the north which would have blinded plaintiff or prevented him from going around the truck.
Although the minute entry in the record states the trial judge gave oral reasons for judgment immediately following the trial, no such reasons are in the transcript. Insofar as we are able to determine, no reasons were given by the trial judge. Thus, we have no finding of fact by the court as to whether the lights of the pickup truck or the car in the ditch were on. Plaintiff argues the trial judge must have concluded the lights on these two vehicles were not on. It would be pure speculation for us to reach this conclusion. The trial judge may have concluded that even if the headlights on the pickup truck were on, the pickup truck was facing across the highway in a westerly direction so that plaintiff could not see them. A sketch in the record, made pursuant to the testimony of Fred Fonten-ot, even shows the pickup truck was pointed in a northwesterly direction, which would mean the headlights were pointed away from plaintiff’s approaching automobile.
Plaintiff argues, under his version of the facts that there were no lights on the pickup truck, that the applicable rule is stated in Vowell v. Manufacturers Casualty Insurance Company, 229 La. 798, 86 So.2d 909 (1956); Stelly v. Fidelity & Casualty Company of N. Y., 201 So.2d 24 (La.App. 3rd Cir. 1967), writ refused; Sittig v. Southern Farm Bureau Casualty Insurance Company, 198 So.2d 514 (La.App. 3rd Cir. 1967), writ refused 200 So.2d 665 (La.1967); Shively v. Hare, 189 So.2d 12 (La.App. 1st Cir. 1966), and Woods v. Employers Liability Assurance Corporation, 172 So.2d 100 (La.App. 1st Cir. 1965). In all of these cases, a night motorist driving on the highway at a reasonable speed struck an unlighted vehicle. The courts applied the rule that a night motorist traveling at a lawful speed has the right to assume the road ahead is safe for travel to the" extent that he is not charged with the duty of guarding against striking unexpected or unusual obstructions which he had no reason to anticipate would be encountered on the highway, and that the motorist is not negligent in running into an unlighted, stopped or slow moving vehicle on the highway at night where there are no special conditions, such as fog, smoke, dust, etc., which would require reduction in speed or the exercise of extraordinary care.
On the other hand, defendants argue under their version of the facts that the lights on the pickup truck and at least the taillights on the automobile in the ditch were on, that plaintiff was negligent in not seeing the truck in time to stop or go around it. Defendants cite Haas v. Southern Farm Bureau Casualty Insurance Company, 321 So.2d 380 (La.App. 4th Cir. 1975), writ refused 323 So.2d 133 (La.1975); Chaisson v. J. Ray McDermott & Company, 324 So.2d 844 (La.App. 1st Cir. 1975), writ denied 328 So.2d 86 (La.1976); Maddox v. American Motorist Insurance Company, 325 So.2d 756 (La.App. 2d Cir. 1976); Youngblood v. Oil Well Chemical Company of Louisiana, 352 So.2d 316 (La.App. 4th Cir. 1977), and Rowe v. Travelers Insurance Company, 219 So.2d 486 (La.1969). In all of these cases the court held the night motorist was negligent in striking a lighted vehicle stopped or moving slowly on the highway.
This is a close case, particularly because the trial judge made no finding of fact as to whether the lights of the pickup truck were on. Nevertheless, as stated above, the trial judge could have reasonably found that even if the headlights of the pickup were on, plaintiff could not see them because they were pointed away from plaintiff’s approaching vehicle. Also, the pickup taillights were not shining toward plaintiff. Under all of the circumstances, we are un *1274 able to find the trial judge was clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants-appellants.
AFFIRMED.